BUCHALTER NEMER
A Professional Corporation
Lawrence B. Steinberg (State Bar No. 101966)
LSteinberg@buchalter.com
Janet Nalbandyan (State Bar No. 235154)
jnalbandyan@buchalter.com
1000 Wilshire Boulevard, Suite 1500
Los Angeles, CA 90017-2457
Telephone: (213) 891-0700
Facsimile: (213) 896-0400

Attorneys for Plaintiff and Counterdefendant
OUT OF THE BOX ENTERPRISES, LLC

# UNITED STATES DISTRICT COURT

## CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| OUT OF THE BOX ENTERPRISES, LLC, a Texas limited liability company,<br><br>Plaintiff,<br><br>vs.<br><br>EL PASEO JEWELRY EXCHANGE, INC., a Nevada corporation; EL PASEO JEWELRY, INC., a California corporation; RAJU MEHTA, an individual; IVAN KALENSKY, an individual,<br><br>Defendants.<br><br>AND RELATED COUNTERCLAIMS. | Case No. EDCV 10-1858 VAP (DTBx)<br><br>[PROPOSED] PROTECTIVE ORDER RE: CONFIDENTIALITY |

Having considered the STIPULATION RE: CONFIDENTIALITY executed on November 4, 2011 by plaintiff OUT OF THE BOX ENTERPRISES, LLC, on the one hand, and defendants EL PASEO JEWELRY EXCHANGE, INC., EL PASEO JEWELRY, INC., RAJU MEHTA and IVAN KALENSKY, on the other hand (individually, "a Party" and collectively, "the Parties"), by and through their undersigned counsel, the Court orders as follows:

BUCHALTER NEMER
A PROFESSIONAL CORPORATION
LOS ANGELES
PRINT.DOC

IT IS ORDERED:

1. This Order shall govern disclosure and use by the Parties of all documents, testimony and other materials and information produced in this Action by any party or non-party evidence required to give testimony and/or produce documents (a "Disclosing Party").

2. All Confidential Material (as defined below) shall be used solely in connection with this Action. No person whose identity is revealed as a result of the disclosure of Confidential Material shall be contacted by any party except for the purpose of interviewing such persons as potential witnesses and/or arranging for the obtaining of evidence and testimony. Any person or entity in possession of Confidential Material as a result of the production of such materials in connection with this Action shall maintain those materials in a secure manner, so as to avoid disclosure of their contents. The restrictions provided in this Order with respect to the handling, disclosure and dissemination of Confidential Material shall also apply to notes, reports, documents or communications which summarize, reference, describe or discuss the Confidential Material in a way so as to disclose any portion of the Confidential Material.

3. A Disclosing Party and/or any Party to may designate as "Confidential Material," any information or documents produced in discovery or pursuant to legal process if the person making the confidential designation reasonably believes, in good faith, that the material contains or constitutes non-public trade secrets or other non-public confidential business, financial, or commercial information. A Party may also designate, with the consent of the other Parties to this Action, any similar information exchanged informally between the Parties for purposes of settlement or any other purpose.

4. The designation of Confidential Material shall be made at the time of production of documents or service of written discovery responses by placing the word "Confidential" on each page of the material so designated, or, in the case of

deposition testimony, as provided below. Inadvertent failure to designate Confidential Material may be remedied by supplemental written notice. Effective upon the giving of any such supplemental written notice, the information, documents or testimony designated as Confidential Material in the supplemental notice shall be deemed subject to this Order.

5. Any Party may designate as Confidential Material any portion(s) of a deposition transcript that the Designating Party, in good faith, reasonably believes to contain confidential information according to the criteria set forth in paragraph 3 above. The Designating Party shall advise the court reporter and counsel at the beginning and end of the testimony being designated as Confidential Material, either orally at the deposition or in a writing sent to all Parties within a reasonable period of time after the transcript becomes available. The reporter shall mark "Confidential" on the face of the transcript and at the beginning and end of any portions thereof designated as Confidential Material and, if practical, shall separately bind the portions of the transcript containing Confidential Material.

6. Confidential Material shall only be disclosed or shown to the following persons: a)the Court and necessary court personnel; b)the Parties (including their officers, directors, employees, and agents having responsibility for this Action); c) the Parties' attorneys (and employees of the attorneys' law firms); d)court reporters transcribing depositions or testimony in the Action; e)persons who are witnesses in the Action (including deposition witnesses), but only insofar as reasonably necessary for the prosecution and defense of the Action; f)persons shown on the face of a document as being an author, recipient, or copy recipient of the document, but only with respect to documents containing such persons' names and only on which insofar as reasonably necessary for the prosecution and defense of the Action; g)experts and consultants retained by a Party in connection with the Action (including persons working under the direction or control of such experts and consultants); h)outside photocopying, graphic production services, litigation

support services, or investigators employed by the Parties or their counsel; and i) any other person agreed to in writing by the Designating Part(ies).

7. All persons to whom Confidential Material is disclosed shall, before that disclosure, be advised that the Confidential Material is being disclosed pursuant to the terms of the Order.

8. If any person seeks to file or lodge Confidential Material with any court in a manner so that, in the ordinary course, such Confidential Material will be placed in a publicly accessible court file, the person seeking to file or lodge such material shall take all reasonable steps under the rules of that court to cause the Confidential Material to be filed under seal, including, with respect to this Court, the procedures contained in Local Rule 79-5 and the procedures contained in this Court's Standing Order, which provide as follows:

> L.R. 79-5 Confidential Court Records
>
> **L.R. 79-5.1 Filing Under Seal - Procedures.** Except when authorized by statute or federal rule, or the Judicial Conference of the United States, no case or document shall be filed under seal without prior approval by the Court. Where approval is required, a written application and a proposed order shall be presented to the judge along with the document submitted for filing under seal. The proposed order shall address both the sealing of the application and order itself, if appropriate. The original and judge's copy of the document shall be sealed in separate envelopes with a copy of the title page attached to the front of each envelope. Conformed copies need not be placed in sealed envelopes. Where under-seal filings are authorized by statute or rule, the authority therefore shall appear on the title page of the proposed filing. Applications and Orders to Seal, along with the material to be placed under seal, shall not be electronically filed but shall be filed manually in the manner prescribed by Local Rule 79-5. A Notice of Manual Filing shall also be electronically filed identifying materials being manually filed.

STANDING ORDER:

**Applications to File Under Seal.** Parties are reminded that court proceedings are presumptively public, and no document shall be filed under seal without request for a court order that is narrowly tailored to cover only the document, the particular portion of the document, or category of documents for which good cause exists for filing under seal. To that end, if a party wishes to file a document under seal, that party shall first file a written request for a sealing order setting forth the good cause and accompanied by a proposed order that is narrowly tailored as specified above.

If the sole ground for the sealing order is that the opposing party (or non-party) has designated the document as confidential, the opposing party (or non-party) shall file a declaration establishing good cause for the sealing along with a proposed order, or shall withdraw the designation. The declaration shall be filed within five days of service on the opposing party (or non-party) of the request for a sealing order. If the declaration is not filed as required, the Court may order that the document be filed in the public record.

**Use of Sealed Documents in Motion Papers**: The Court cautions parties that documents designated as confidential that are attached as exhibits to case-dispositive motions, or redacted portions of case-dispositive briefs that contain confidential information, must meet the high "compelling reasons" threshold. See Kamakana v. City of Honolulu, 447 F.3d 1172 (9th Cir. 2006). A good cause showing, without more, will not satisfy a compelling reasons test, but will only suffice to maintain the confidentiality of documents attached to *non-dispositive* motions. Documents designated as confidential in conjunction with case-dispositive motions or briefs that do not satisfy the compelling reasons test may accordingly be redesignated as public information upon proper request. See Foltz v. State Farm Mut. Automobile Ins. Co., 331 F.3d 1122 (9th Cir. 2003).

**Use of Sealed or Confidential Documents at Trial**: Notwithstanding any provision of a protective order to the contrary, any document, whether previously designated confidential or previously sealed, will be unsealed and will lose its confidential status if offered as an exhibit at trial, absent a showing of the "most compelling" reasons. See Manual for Complex Litigation § 21.432; Foltz, 331 F.3d at 1135–36. Any party believing that a document, portions thereof, or witness testimony should remain confidential or sealed during trial must request in advance of trial that the court take extraordinary measures, such as closing the courtroom to the public or sealing the trial transcript, to protect the confidentiality of that information. The request must be made in writing and filed no later than the date on which pretrial papers are due.

If previously sealed documents are ordered unsealed for use at trial, counsel for the party offering the document as evidence shall, within two business days of the conclusion of the trial, identify which entries on the docket represent the exhibits actually received. Counsel are required to cooperate with the deputy clerk in order to complete the unsealing process in cases involving voluminous sealed documents.

9. If at any time any Confidential Material is subpoenaed by any person or entity purporting to have authority to require the production thereof, the person to whom the subpoena is directed shall promptly give written notice, and include a copy of the subpoena or request, to all Parties and, if applicable, to the Disclosing Party. The person to whom the subpoena is directed shall make all reasonable good faith efforts to provide the Disclosing Party a reasonable period of time in which to seek to quash the subpoena, or to move for any protection for the Confidential Material, before the person to whom the subpoena is directed takes any action to comply with the subpoena.

10. If, at any time, a Party objects to a designation of material as Confidential Material, the objecting Party shall send a written notice to the person who designated the Confidential Material (with a copy sent to all Parties) and, in such notice, shall identify the material subject to the objection and specify in reasonable detail the reasons for the objection. Upon receipt of any such objection, the Parties, the Disclosing Party (if applicable) and the objecting Party shall promptly meet and confer in an effort to resolve their differences. If the disagreement cannot be resolved, the objecting Party may file, within a reasonable time, an application or motion with the Court for relief from designation of the material as being Confidential Material. The Party who designated the Confidential Material shall have the burden of showing, on such application or motion, that the material being objected to was appropriately designated as Confidential Material. The material subject to the objection shall be maintained as Confidential Material until such time as the objecting Party's motion for relief has been ruled on.

11. Within forty-five (45) days after entry of an order or judgment finally terminating the Action, including all related court proceedings and appeals, Confidential Material in a Party's possession, including all paper and electronic copies thereof (except for Confidential Material designated by that Party) shall either be destroyed or returned to the person who originally produced or provided the Confidential Material. Counsel shall certify in writing that all Confidential Material in its possession has either been destroyed or returned. The provisions of this paragraph 11 shall not apply to pleadings, motions, briefs, affidavits, attorney notes, transcripts, or Court opinions and orders.

12. This Order shall not be construed to affect in any way the admissibility of any document, testimony, or other evidence at trial or hearing of this Action.

13. Each Party shall have the responsibility, through counsel, to advise the Party designating Confidential Material of any losses or compromises of the confidentiality of material so designated. It shall be the responsibility of the Party

that lost or compromised the Confidential Material to take reasonable measures to limit the loss or unauthorized disclosure.

14. Nothing in this Order shall: be construed to limit any Party's use or disclosure of its own documents, materials, or information designated hereto as Confidential Material; prevent or in any way limit disclosure, use, or dissemination of any information or documents that are publicly available, publicly known or available from some source other than in connection with this Action; prejudice the rights of any Party to introduce into evidence at trial any document, testimony, or other evidence, or the right of any Party to object to the authenticity or admissibility into evidence of any document, testimony, or other evidence.

15. Any Party may apply to the Court for further or additional protective orders or for the modification of this Order.

DATED: November 4, 2011

_____
Hon. David T. Bristow

## EXHIBIT A
## CERTIFICATION

I certify my understanding that Confidential Material is being provided or may be provided to me pursuant to the terms and restrictions of the July ___, 2011 Confidentiality Order in the above-captioned case. I further certify that I have received and read the Confidentiality Order, and I agree to be bound by the terms thereof.

_____