**JS-6**

UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| OUT OF THE BOX ENTERPRISES, LLC, A TEXAS LIMITED LIABILITY COMPANY,<br><br>  Plaintiff,<br><br>  v.<br><br>EL PASEO JEWELRY EXCHANGE, INC., A NEVADA CORPORATION; EL PASEO JEWELRY, INC., A CALIFORNIA CORPORATION; RAJU MEHTA, AN INDIVIDUAL; IVAN KALENSKY, AN INDIVIDUAL,<br><br>  Defendants. | Case No. EDCV 10-01858 VAP(DTBx)<br><br>**FINAL JUDGMENT** |

**TO ALL PARTIES AND THEIR ATTORNEYS OF RECORD:**

This action came on regularly for trial on July 11, 2012, in Courtroom 2 of the above entitled Court, the Honorable Virginia A. Phillips, United States District Judge presiding. Plaintiff Out of the Box Enterprises, LLC appeared by its attorneys Lawrence B. Steinberg and Janet R. Nalbandyan of the law firm Buchalter Nember and

Defendants El Paseo Jewelry Exchange, Inc., El Paseo Jewelry, Inc., Raju Mehta and Ivan Kalensky appeared by their attorneys, Daryl M. Crone, Gerald E. Hawxhurst and Joshua P. Gelbart of the law firm Crone Hawxhurst LLP.

A jury of eight persons was regularly impaneled and sworn to try the action. Witnesses were sworn and testified.

On July 24, 2012, after hearing the evidence, the arguments of counsel and the instructions given to the jury, the jury retired to consider its verdict, and on July 25, 2012, returned its special verdict by way of answers to the questions propounded to it, as follows:

**Question No. 1**: Did Defendants advertise falsely by claiming that they would pay 92 percent of the spot market price for gold jewelry, and by failing to do so?

**Answer**: YES

(If "YES," please proceed to Question No. 2; if "No," please sign and date this form and inform the bailiff that you have completed your deliberations.)

1 **Question No. 2**: Were Defendants' false advertisements
2 that they would pay 92 percent of the spot market price
3 for gold jewelry intentionally false?
4
5     **Answer**: YES
6
7     (Please proceed to Question No. 3.)
8
9     **Question No. 3**: Did Defendants prove that their false
10 advertisement that they would pay 92 percent of the spot
11 market price of gold jewelry did not actually deceive or
12 have a tendency to deceive any customers?
13
14     **Answer**: NO
15
16     (If "Yes," please sign and date this form and inform
17 the bailiff that you have completed your deliberations;
18 if "No," please proceed to Question No. 4.)
19
20     **Question No. 4**: Was Defendants' false advertisement
21 that they would pay 92 percent of the spot market price
22 for gold jewelry "material," in that it was likely to
23 influence the sales decisions of customers who sold their
24 gold jewelry to Defendants?
25
26     **Answer**: YES
27
28

1  (If "Yes," please continue to Question No. 5; if
2  "No," please sign and date this form and inform the
3  bailiff that you have completed your deliberations.)

5  **Question No. 5**: Did Defendants' false advertisement
6  that they would pay 92 percent of the spot market price
7  for gold jewelry cause Plaintiff injury in the form of
8  lost sales to Defendants or loss of good will?

10  **Answer**: YES

12  Phase II commenced with a jury trial on July 25,
13  2012.  On July 26, 2012, after hearing the evidence, the
14  arguments of counsel and the instructions given to the
15  jury, the jury retired to consider its verdict, and
16  returned its special verdict by way of answers to the
17  questions propounded to it, as follows:

19  **Question No. 1**: What amount of profits did Plaintiff
20  lose as a result of the false advertising?

22  **Answer**: $1,500,000.00

24  (Please proceed to Question No. 2.)

26  **Question No. 2**: What amount of profits did Defendants
27  warn as a result of the false advertising?
28

4

**Answer**: $880,355.00

On October 3, 2012, the Court filed its Order: (1) denying enhancement of the $1,500,000 lost profits award; (2) finding equitable the jury's advisory award of $880,355 in profits El Paseo earned; (3) finding defendants Raju Mehta and Ivan Kalensky jointly and severally liable with the other defendants for the entire judgment; (4) denying injunctive relief for Out of the Box; (5) denying restitution for Out of the Box; (6) finding El Paseo was not entitled to prevail on its unclean hands defense; and (7) denying attorney's fees for Out of the Box.

On February 8, 2012, the parties stipulated to dismissal of El Paseo's counterclaims against Out of the Box.

On May 11, 2012, the Court granted summary judgment in favor of Defendants on Out of the Box's claim for intentional interference with prospective economic advantage.

By reason of the verdict and Orders described above,

**NOW, THEREFORE, IT IS ADJUDGED, ORDERED AND DECREED THAT:**

1. El Paseo's Counterclaims are dismissed with prejudice;
2. Judgment is hereby entered in favor of El Paseo on Out of the Box's claim for intentional interference with prospective economic advantage;
3. Judgment is hereby entered, in favor of Out of the Box against Defendants on Out of the Box's claim for violation of the Lanham Act, 15 U.S.C. § 1125(a);
4. Judgment is hereby entered, in favor of Out of the Box against Defendants on Out of the Box's claim for violation of California Business and Professions Code § 17200, et seq.;
5. Judgment is hereby entered, in favor of Defendants on Out of the Box's claim for violation of California Business & Professions Code § 17500, et seq.;
6. Out of the Box shall be entitled to recover from Defendants the amount of $1,500,000 for Out of the Box's lost profits as a result of Defendants' false advertising. Enhancement of this award is denied.
7. Out of the Box shall be entitled to recover from Defendants the amount of $880,355 in disgorgement of El Paseo's profits earned as a result of the Defendants' false advertising.
8. Defendants El Paseo Jewelry Exchange, Inc., El Paseo Jewelry, Inc., Raju Mehta, and Ivan Kalensky are jointly and severally liable for the entire judgment.

9. Out of the Box's request for injunctive relief against El Paseo is denied.
10. Out of the Box's request for restitution for amounts El Paseo underpaid to Out of the Box's investigators for gold sales is denied.
11. El Paseo's affirmative defense of unclean hands to Out of the Box's Lanham Act claim is denied.
12. This is not an exceptional case within the meaning of 15 U.S.C. § 1117(a)(3) warranting an award of attorney's fees.
13. This Court shall retain jurisdiction over this matter to remedy any violation of the terms set forth herein.

The Court orders that such judgment be entered.

Dated: October 30, 2012

VIRGINIA A. PHILLIPS
United States District Judge

7