# PRIORITY SEND

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

<u>CIVIL MINUTES -- GENERAL</u>

Case No.  EDCV 10-01858 VAP(DTBx)                              Date:  November 25, 2013

Title:  OUT OF THE BOX ENTERPRISES, LLC, A TEXAS LIMITED LIABILITY COMPANY -v- EL PASEO JEWELRY EXCHANGE, INC., A NEVADA CORPORATION; EL PASEO JEWELRY, INC., A CALIFORNIA CORPORATION; RAJU MEHTA, AN INDIVIDUAL; IVAN KALENSKY, AN INDIVIDUAL

==============================================================
PRESENT:   HONORABLE VIRGINIA A. PHILLIPS, U.S. DISTRICT JUDGE

          Marva Dillard                                     None Present
          Courtroom Deputy                                  Court Reporter

ATTORNEYS PRESENT FOR                          ATTORNEYS PRESENT FOR
PLAINTIFFS:                                    DEFENDANTS:

          None                                              None

PROCEEDINGS:     MINUTE ORDER (1) VACATING JANUARY 27, 2014 HEARING; (2) DENYING MOTION FOR RELIEF FROM JUDGMENT (DOC. NO. 329) (IN CHAMBERS)

   Before the Court is Defendants El Paseo Jewelry, Inc., El Paseo Jewelry Exchange, Inc., and Raju Mehta's ("Defendants") Motion for Relief from Judgment

EDCV 10-01858 VAP(DTBx)
OUT OF THE BOX ENTERPRISES, LLC, A TEXAS LIMITED LIABILITY COMPANY v. EL PASEO JEWELRY EXCHANGE, INC., A NEVADA CORPORATION; EL PASEO JEWELRY, INC., A CALIFORNIA CORPORATION; RAJU MEHTA, AN INDIVIDUAL; IVAN KALENSKY, AN INDIVIDUAL
MINUTE ORDER of November 25, 2013

(Doc. No. 329).[1] The Motion is appropriate for resolution without a hearing, and accordingly, the Court VACATES the January 27, 2013 hearing. See Fed. R. Civ. P. 78; L.R. 7-15. For the reasons stated below, the Court DENIES the Motion.

## I. BACKGROUND

Following a jury trial, entry of judgment against them, and this Court's denial of their Motion for New Trial (Doc. No. 266), Defendants filed a Notice of Appeal on February 8, 2013. (Doc. No. 271.) Plaintiff Out of the Box Enterprises, LLC ("Plaintiff") filed a Notice of Cross-appeal on February 21, 2013. (Doc. No. 273.) On March 29, 2013, Plaintiff filed an Amended Notice of Cross-appeal to add Defendant El Paseo Jewelry, Inc., as the Bankruptcy Court had dismissed that defendant's bankruptcy petition. (See Doc. No. 285.)

On October 17, 2013, the Ninth Circuit stayed both appeals (in case Nos. 13-55239 and 13-55303) as each of the Defendants had filed for bankruptcy. (Case No. 13-5529, Doc. No. 19; 13-55303, Doc. No. 19.)

Defendants filed the instant Motion, requesting relief from judgment pursuant to Federal Rules of Civil Procedure 60(b)(2) and (3) on October 29, 2013.

## II. LEGAL STANDARD

"The filing of a notice of appeal is an event of jurisdictional significance – it confers jurisdiction on the court of appeals and divests the district court of its control over those aspects of the case involved in the appeal." Griggs v. Provident Consumer Discount Co., 459 U.S. 56, 58 (1982) (per curiam); see also NRDC v. Sw. Marine, Inc., 242 F.3d 1163, 1166 (9th Cir. 2001).

This divestment rule does not strip the district court of subject matter jurisdiction, however. See California Dep't of Toxic Substances Control v. Commercial Realty Projects, Inc., 309 F.3d 1113, 1121 (9th Cir. 2002). Rather, it is

---

[1] Defendant Ivan Kalensky did not appeal the judgment, and is not included in the Court's following discussion.

EDCV 10-01858 VAP(DTBx)
OUT OF THE BOX ENTERPRISES, LLC, A TEXAS LIMITED LIABILITY COMPANY v. EL PASEO JEWELRY EXCHANGE, INC., A NEVADA CORPORATION; EL PASEO JEWELRY, INC., A CALIFORNIA CORPORATION; RAJU MEHTA, AN INDIVIDUAL; IVAN KALENSKY, AN INDIVIDUAL
MINUTE ORDER of November 25, 2013

a general rule that "refers discretely to a loss of jurisdiction over those aspects of the case involved in the appeal, and is a judge-made doctrine designed to avoid the confusion and waste of time that might flow from putting the same issues before two courts at the same time."  Id. at 1120 (internal quotation marks and citations omitted).  The purpose of the rule is to promote judicial economy.  See Stein v. Wood, 127 F.3d 1187, 1189 (9th Cir. 1997) (citing Kern Oil & Refining Co. v. Tenneco Oil Co., 840 F.2d 730, 734 (9th Cir. 1988)).

There is, however, an exception to the divestment rule contained in Federal Rule of Appellate Procedure 4(a)(4)(B)(i).  That rule provides: "[i]f a party files a notice of appeal after the court announces or enters a judgment -- but before it disposes of any motion listed in Rule 4(a)(4)(A) -- the notice becomes effective to appeal a judgment or order, in whole or in part, when the order disposing of the last such remaining motion is entered."  Fed. R. App. P. 4(a)(4)(B)(i).  Rule 4(a)(4)(A) lists a number of motions, including motions made pursuant to Federal Rule of Civil Procedure 60.  Fed. R. App. P. 4(a)(4)(vi).  Rule 4(a)(4)(B)(i) is only effective as it relates to Rule 60 motions if the motion has been "filed no later than 28 days after the judgment is entered."  Id.

Here, Defendants filed the instant Motion on October 30, 2013, well past twenty-eight days from the date of filing of the Notice of Appeal on February 8, 2013.  Accordingly, the Court no longer has jurisdiction over this matter pending the appeal, nor is the Court inclined to entertain the Motion pursuant to Federal Rule of Civil Procedure 62.1.  See Fed. R. Civ. P. 62.1; see also Davis v. Yageo Corp., 481 F.3d 661, 685 (9th Cir. 2007).

### III. CONCLUSION

For the reasons stated above, the Court DENIES the Motion.  To the extent Defendants have requested to file documents under seal in support of the Motion, that request is DENIED AS MOOT.

**IT IS SO ORDERED.**